James Louis Stafford v. Commissioner.
Stafford v. Commissioner
Docket No. 6382-66.
United States Tax Court
T.C. Memo 1968-80; 1968 Tax Ct. Memo LEXIS 218; 27 T.C.M. (CCH) 394; T.C.M. (RIA) 68080; May 2, 1968. fileo James Louis Stafford, pro se, 4962 Loleta Ave., Los Angeles, Calif. Loren P. Oakes, for the respondent. 395 FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1964 in the amount of $294.93. The sole issue for determination is whether respondent's disallowance of travel expenses in the amount of $1,394.50 was proper. Findings of Fact Some of the facts have been stipulated, and the stipulation of facts is hereby incorporated by this reference. Petitioner filed his Federal income tax return for the calendar year 1964 with the district director of internal revenue at Los Angeles, California. Petitioner was a resident of Los Angeles, California, at the time of the filing of the petition herein. Petitioner, *219 at all times material to this case, was employed as a social worker by the Bureau of Public Assistance, County of Los Angeles, California. From July 1961 until December 1963 his principal post of duty was in Los Angeles. In December 1963 he was promoted with a change in post of duty to Lancaster, California. At the same time he moved his residence to Palmdale, California, which is located approximately eight miles south of Lancaster. From January 1964 until approximately July 1, 1964, petitioner drove his automobile to and from work. On or about July 1, 1964, petitioner moved his residence from Palmdale to Glendale, California. Glendale is located approximately 66 miles from Lancaster. Petitioner for the balance of the tax year in question resided in Glendale and continued to work in Lancaster. Each day he drove his automobile between his residence in Glendale and his duty post in Lancaster, a total distance of 132 miles. Petitioner continued to work in Lancaster until February 1965. Petitioner moved to Glendale in July because he had vacation time available during which time he could effectuate the move. He did so acting on the assumption that he would take and pass a promotional *220 examination to be given during either August, September, or October 1964. If he scored well on the examination, he assumed he would be transferred to the central business district of Los Angeles. Glendale is more proximate to this area than is Palmdale. There was no requirement that petitioner live other than in Palmdale in order to qualify for the examination. Nor was there any pressure from his employer for him to do so. Whether petitioner took the examination is not clear from the record. He did, however, remain at the Lancaster office until February 1965. On his income tax return for the calendar year 1964 petitioner claimed that the travel between Glendale and Lancaster amounted to a total of 17,160 miles. The petitioner computed his claimed deduction on the basis of 15 cents per mile for the first 10,000 miles and 5 cents per mile for the additional miles in excess of 10,000. He then reduced the amount so computed by 25 percent, which he deemed to represent personal expenses. He therefore claimed a deduction in the amount of $1,394.50. In his statutory notice of deficiency, respondent disallowed the claimed deduction as being a nondeductible personal expense. Opinion
*221 The sole issue for determination is whether respondent's disallowance of this claimed transportation expense deduction is proper. A review of the record before us indicates that respondent's determination must be sustained. Expenses incurred in traveling between one's personal residence and place of business are generally nondeductible personal expenses. Income Tax Regs. sections 1.162-2(e) and 1.262-1(b)(5); Commissioner v. Flowers, 326 U.S. 465 (1946); Arthur Sansone, 41 T.C. 277 (1963); and Beatrice H. Albert, 13 T.C. 129 (1949). The petitioner, though he agrees with the above statement of the law, contends that there are, herein, mitigating circumstances which should entitle him to the deduction. We do not agree. In general, petitioner argues that there was a greater opportunity for advancement in the central business district of Los Angeles than in Lancaster. Petitioner assumed he would be selected for advancement and would soon be working in the Los Angeles area. With this expectation, he moved to Glendale, which is more proximate to the central business district of Los Angeles than is Palmdale. He thereafter *222 commuted between Glendale and Lancaster, a total of 132 miles round trip. 396 The expenses so incurred are clearly personal. The petitioner was merely exercising his personal preference physically to establish his personal residence at a location which he hoped would correspond with his future employment expectations. The expenses of commuting between his new personal residence and his same post of duty are, therefore, not deductible. Decision will be entered for the respondent.